[Civ. No. 1492. Second Appellate District.—January 29, 1915.]

HENRY F. DE GALLER, Appellant, v. MAIER BREWING
COMPANY (a Corporation), Respondent.

CONTRACTS—NONPERFORMANCE WITHIN PROVIDED TIME—RESCISSION—
DUE PERFORMANCE UNDER SECOND CONTRACT—NONLIABILITY UNDER
FIRST CONTRACT.—Where the assignee of a contract for the doing
of certain work fails to perform the same within the time specified
and notice of rescission is given, the rescinding party is not an-
swerable to such assignee for any compensation agreed to be made
for such work under a second contract made with the assignor of
the first contract which has been duly performed.

APPEAL from a judgment of the Superior Court of Los
Angeles County. F. E. Densmore, Judge presiding.

The facts are stated in the opinion of the court.

Goldberg & Meily, and George L. Greer, for Appellant.

Mott & Dillon, and G. C. O'Connell, for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of
the defendant. On the sixth day of February, 1912, respond-
ent made a written contract with one C. H. Lovell, which pro-
vided for the printing of fifty thousand baseball schedules upon
cards, at the net price of ten dollars per thousand, delivery
to be made not later than March 30th of the same year. A
few days later a printing firm, doing business under the name
of Provident Printshop, notified respondent that its order
had been assigned to them by Lovell and that they would
complete the same, and instructing respondent to make pay-
ment to appellant to whom, so the Printshop informed re-
spondent, had been "assigned the collection of this bill."
Respondent accepted and "O. K.'d" this notification, but the
printing not having been done within the time specified, re-
spondent gave written notice to the printers rescinding the
contract. It later made a second agreement, based upon
different terms, with Lovell, and upon his having furnished
the merchandise required under this second contract, they
paid him the price agreed upon. Thereafter the appellant
made demand upon respondent for the payment to him of the

money, and as a basis for his claim urged that the contract as first made had been performed, which under the express direction of the Provident printing establishment, was, so far as concerned the moneys to be collected thereunder, assigned to appellant. Respondent by its answer denied that the first contract had been performed, or that anything had been delivered to it under that contract. The trial judge determined the issues in favor of this contention. There was no dispute made by the evidence but that the original contract was not performed within the time specified, nor that notice of rescission had been duly served upon the printers who had engaged to make performance thereunder. This being the condition of fact, the trial judge properly held that the rescission became effective and that under the agreement subsequently made with Lovell the appellant was not answerable to respondent for any compensation agreed to be made for the doing of that work.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 29, 1915.